IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

## STATE OF TENNESSEE v. MICHAEL DEWAYNE WADE

**Appeal from the Criminal Court for Davidson County**
**No. 2015-C-1876       Seth Norman, Judge**

_____

### No. M2017-01884-CCA-R3-CO

_____

The defendant, Michael Dewayne Wade, appeals the revocation of his community corrections placement, arguing that the trial court erred by ordering the balance of his 12-year sentence to be served in confinement.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Emma Rae Tennent (on appeal) and Tanner Gibson (at hearing), Assistant District Public Defenders, for the appellant, Michael Dewayne Wade.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Paul Dewitt, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 3, 2015, the defendant, originally charged with one count of burglary and one count of theft of property valued at $1,000 or more but less than $10,000, pleaded guilty to one count of burglary.  In exchange for the defendant's plea of guilty, the State dismissed the theft charged and agreed that the defendant, a career offender, should receive a sentence of 12 years, with the manner of service of the sentence to be determined by the trial court following a sentencing hearing.  The State also agreed that it would not advocate for a fully-incarcerative sentence.

At the conclusion of the sentencing hearing, the trial judge, Judge Steve Dozier, opined that the best placement for the defendant would be in the Morgan County Residential Recovery Court ("MCRRC") treatment program supervised by Judge Seth

Norman.  To facilitate the defendant's placement in that program, the defendant's case was transferred to Judge Norman's court.  Judge Norman agreed to accept the defendant into the program "through community corrections" and ordered the defendant transported to the treatment facility on January 29, 2016.

A violation warrant issued on June 2, 2017, alleging that the defendant had violated the terms of his community corrections placement by testing positive for the use of cocaine on May 23 and May 26, 2017.  An amended violation warrant issued on June 13, 2017, alleging that, in addition to his testing positive for cocaine use, the defendant had been arrested and charged with criminal impersonation on June 8, 2017.

At the August 16, 2017 revocation hearing, the defendant conceded that he violated the terms of his community corrections sentence.  The defendant testified that he used cocaine in May 2017, that he knew that he would fail his drug test as a result, and that he told his probation officer that he would test positive for cocaine use.  The defendant claimed that he had not been charged with criminal impersonation.  The defendant said that he would be willing to return to the MCRRC for drug treatment, noting that he "did outstanding" while in the program.  The defendant insisted that he could not cope with his drug addiction on his own.

During cross-examination, the defendant admitted that he had been afforded the opportunity to participate in drug treatment by the court on more than one occasion.  He acknowledged that, despite his success in the year-long program administered at MCRRC, he relapsed only four months after leaving the program.

The defendant asked that, instead of ordering him to serve the balance of his 12-year sentence in confinement, the court order him to complete another term in an inpatient drug treatment program.  The State objected to such a placement, noting the defendant's repeated and unsuccessful drug treatment placements.  The court indicated that it felt as though it did not "have any other alternative" and revoked the defendant's community corrections placement.[1]  The court ordered the "sentence placed in effect."

In this timely appeal, the defendant contends that the trial court abused its discretion by ordering that he serve his entire 12-year sentence in confinement.

The accepted appellate standard of review of a community corrections revocation is abuse of discretion.  *See State v. Harkins*, 811 S.W.2d 79, 82–83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in

---

[1]	Although the trial court stated that "the probation violation is sustained," the record clearly indicates that the defendant was placed on community corrections.

Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (stating standard of review for probation revocation); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also id.* § 40-36-106(e)(4) ("The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration."); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered [by the trial judge shall] be in full force and effect from the date of the revocation of the suspension." T.C.A. § 40-35-310(a).

As the defendant notes, the trial court failed to place on the record the precise basis for revoking the defendant's community corrections placement. Given, however, that the defendant admitted that he violated the terms of his community corrections placement by using cocaine, the record fully supports the trial court's decision to revoke the community corrections placement. Because the record clearly established that the defendant violated the terms of his community corrections placement, the trial court acted well within its authority by ordering "the defendant to commence the execution of the judgment as originally entered." *Id.* § 40-35-311(e)(1)(A).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-